IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN DENARD PAIGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-00031-RAH |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS CAUSE** is before the Court on Petitioner Steven Denard Paige's *pro se* Motion to Vacate under 28 U.S.C. § 2255 which collaterally attacks the conviction and sentence in his underlying criminal case, Case No. 19-cr-00368. Respondent United States of America has filed a Response in opposition. Although ordered to do so, Paige has not filed a Reply. The Court has carefully considered the Motion, the Response, the record, the applicable law, and is otherwise fully advised. For the reasons below, the Motion is **DENIED**.

## BACKGROUND

On September 11, 2019, a federal grand jury in the Middle District of Alabama charged Paige with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Paige pleaded guilty and was sentenced to 120 months imprisonment on September 8, 2020. Paige did not appeal.

On January 22, 2024, Paige filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion raises a single claim that Paige's § 922(g) conviction is unconstitutional under the Second Amendment. The Government argues that Paige's

motion is untimely and without merit.

## LEGAL STANDARD

Under Section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under Section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [Section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (cleaned up).

## DISCUSSION

Paige argues his § 922(g) conviction is unconstitutional under the Second Amendment. Although he does not expressly mention it, presumably Paige is making an argument based on the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which was released after Paige's conviction.

The Government first argues that Paige's motion is untimely. And it is. Habeas motions under § 2255 generally must be filed within one year from the date of the judgment of conviction, the date the impediment to making a motion created

by government action is removed, the date the right asserted was initially recognized by the Supreme Court, or the date on which facts supporting the claim presented could have been discovered. 28 U.S.C. § 2255(f). The Government notes that Paige was convicted on September 8, 2020, and that *Bruen* was released on June 23, 2022. Paige however did not file his motion until January 22, 2024—well after the one-year triggering date had expired for any § 2255 grounds. As such, Paige's motion is untimely.

But even if it was timely, Paige's motion lacks merit. The Eleventh Circuit Court of Appeals has already spoken to this argument on several occasions in published and unpublished opinions and has repeatedly rejected it as to § 922(g) convictions, facially and as applied.[1] *See United States v. Dubois*, 139 F.4th 887, 890, 894 (11th Cir. 2025); *see also United States v. Pierre*, No. 23-11604, 2025 WL 1721074, at *1, *3 (11th Cir. June 20, 2025) (per curiam); *United States v. Hester*, No. 23-11938, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam); *United States v. Young*, No. 23-10464, 2024 WL 3466607, at *1, *9 (11th Cir. July 19, 2024) (per curiam); *United States v. Johnson*, No. 23-11885, 2024 WL 3371414, at *1 (11th Cir. July 11, 2024) (per curiam); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394, at *1 (11th Cir. Aug. 30, 2024) (per curiam).

In these cases, the defendants argued that *Bruen* invalidated their § 922(g) convictions because *Bruen* abrogated *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010), which upheld § 922(g)'s constitutionality under the Second Amendment. In each, the Eleventh Circuit rejected this assertion, stating that *Bruen*

---

[1] Paige references "Prince & Williams" and "Williams vs Garland" in his motion but does not provide any citations. Presumably, Paige is referring to *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023). Prince is a district court decision from the Seventh Circuit. This Court is bound by decisions from the Eleventh Circuit, and the Eleventh Circuit has already spoken to the issue. And as to "Williams vs Garland," the Court has been unable to locate this case. If Paige intended to cite *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), the Court is also not bound by this Seventh Circuit case.

did not abrogate *Rozier*, and because *Rozier* bound the court, the defendants' challenges based on the Second Amendment necessarily failed. In short, *Dubois* makes clear that the Eleventh Circuit's holding in *Rozier*—that § 922(g)(1) is constitutional under the Second Amendment—is still the law. *See Dubois*, 139 F.4th at 888–89.

Paige's claim that his § 922(g) conviction is unconstitutional under the Second Amendment is therefore foreclosed by binding Eleventh Circuit precedent.

## EVIDENTIARY HEARING

Paige is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1) Petitioner Steven Denard Paige's Motion to Vacate Under 28 U.S.C. § 2255 (doc. 1) is **DENIED**.

2) A certificate of appealability is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

3) The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record.

**DONE** and **ORDERED** on this the 21st day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE